UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,) ) | Criminal Number: 08-177 (RMC) |
| v. ) ) | Count One: 41 U.S.C. § 423(a), (e)(1)(B) |
| DAVID M. HONBO, ) ) | |
| Defendant. ) ) | **FILED** JUL 2 2 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and DAVID M. HONBO (hereinafter referred to as the "defendant") enter into the following agreement:

**Charges and Statutory Penalties**

1. The defendant agrees to plead guilty to Count One of the Information filed against him, disclosing source selection information, in violation of Title 41, United States Code, Section 423(a) and (e)(1)(B).

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. First, the defendant was an official of the United States;

   b. Second, the defendant, by virtue of his office, had access to contractor bid or proposal information or source selection information;

   c. Third, that the defendant knowingly disclosed contractor bid or proposal information or source selection information before the award of a Federal agency procurement contract to which the information related; and



  d.  Fourth, that the defendant did so to give a competitive advantage in the award of the Federal agency procurement contract.

3. The defendant understands that, pursuant to 41 U.S.C. § 423, Count One carries a maximum sentence of five (5) years of imprisonment, a fine of $250,000, a $100 special assessment, a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached statement of facts or for any conduct of the defendant now known to the Public Integrity Section and to the law enforcement agents working with the Public Integrity Section on the present investigation. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. The defendant agrees that the attached "Statement of Facts" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Statement of Facts.

**Sentencing**

6. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a Pre-Sentence Investigation by the



United States Probation Office (hereinafter "Probation Office"), which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.



**Sentencing Guidelines Stipulations**

9.   The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   a.   Offense Level under the Sentencing Guidelines

The parties agree that the Sentencing Guideline applicable to the offense to which the defendant is pleading guilty is U.S.S.G. § 2B1.1, which applies to, among other things, "Offenses Involving Fraud or Deceit." The parties further agree that, pursuant to subsection (a)(2), the defendant's base offense level is six (6). The parties further agree that, pursuant to U.S.S.G. § 3B1.3, an upward adjustment of two (2) levels is warranted for the specific offense characteristic relating to the abuse of a position of trust.

   b.   Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a two (2) level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

   i.   Fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;



    ii.    Challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

    iii.    Denies involvement in the offense;

    iv.    Gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

    v.    Fails to give complete and accurate information about the defendant's financial status to the Probation Office;

    vi.    Obstructs or attempts to obstruct justice, prior to sentencing;

    vii.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    viii.    Fails to appear in court as required;

    ix.    After signing this Plea Agreement, engages in additional criminal conduct; or

    x.    Attempts to withdraw the plea of guilty.

In accordance with the above, the defendant's total offense level after all adjustments is six (6).

    c.    <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant has no prior criminal convictions. Therefore, the defendant's Criminal History Category is one (1).

d.     Applicable Guideline Range

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is zero (0) to six (6) months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Sentencing Guidelines level six (6), the applicable fine range is $250 to $5,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

10.    The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, although not binding on the probation office or the court, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such a range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.



**Court Not Bound by the Plea Agreement**

11. It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Sentencing Guidelines range, or other sentencing issues. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Appeal Waiver**

12. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues, except to the extent that such claims are based upon the ineffective assistance of counsel; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum,



or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

13. The defendant further understands that nothing in this Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth herein with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in cases of the District of Columbia Circuit Court of Appeals or the Supreme Court decided after the date of this Agreement that are held by the District of Columbia Circuit Court of Appeals or Supreme Court to have retroactive effect.

**Release/Detention**

15. The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions



of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Breach of Agreement**

16. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to the Federal Rules of Criminal Procedure 11.

17. The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules.



18. The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Venue**

20. The defendant is aware that he has the right to challenge venue concerning any charges filed against him. Knowing that, and in consideration of the concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives any defense as to venue and requests that this Plea Agreement, the Statement or Facts and Information be filed with the U.S. District Court for the District of Columbia. It is defendant's



intent to waive all defenses based on improper venue with respect to any prosecution covered by this Plea Agreement.

### Waiver of Statute of Limitations

21.  It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Bar to Employment by or Business with Federal Government

22.  The defendant agrees that he will not solicit or accept employment and will not solicit, conduct, or attempt to conduct any business with the United States government for a period of three (3) years from the date of sentencing. This prohibition applies to: (a) the defendant acting on his own behalf or as an agent or representative of any individual, organization, or business; and (b) to any individual or business with whom or with which the defendant is "affiliated," as that term is defined in the Federal Acquisition Regulations, 48 C.F.R. § 9.403. The defendant understands that this prohibition will be included as a condition of his probation and/or supervised release, and that a violation of this condition could result in the defendant's imprisonment or return to prison.



**Complete Agreement**

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

24. The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind the Civil Division, any United States Attorney's Office, or any other subdivision of the United States Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

25. If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Plea Agreement in the space indicated below and returning the original to Public Integrity once it has been signed by the defendant and his attorney.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

By: _____
RICHARD B. EVANS
JOHN P. PEARSON
Trial Attorneys
United States Department of Justice
Criminal Division
Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 514-1412
richard.b.evans@usdoj.gov
john.pearson@usdoj.gov



**DEFENDANT'S ACCEPTANCE**

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: June 17, 2008

DAVID M. HONBO
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: June 17, 2008

ROBERT ALAN JONES, ESQ.
Attorney for the Defendant